UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN HIRSCH,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>CBS BROADCASTING INC. and CBS INTERACTIVE INC.<br><br>　　　　　　　　　　　　Defendants. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steven Hirsch ("Hirsch" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants CBS Broadcasting Inc. ("CBS Broadcasting") and CBS Interactive Inc. ("CBS Interactive", and together with CBS Broadcasting "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of Ivanka Trump's stalker, Justin Massler, owned and registered by Hirsch, a New York City based photojournalist. Accordingly, Hirsch seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Hirsch is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 280 East 10th Street, Apt. 29, New York, New York 10009.  Hirsch's photographs have appeared in many publications around the United States.

6. Upon information and belief, CBS Broadcasting is a domestic business corporation company duly organized and existing under the laws of the State of New York, with a place of business at 51 West 52nd Street, New York, New York, 10019.  Upon information and belief, CBS Broadcasting is registered with the New York Department of State, Division of Corporations to do business in the State of New York.  At all times material hereto, CBS Broadcasting has produced the show 48 Hours (the "TV Show").

7. Upon information and belief, CBS Interactive is a foreign business corporation company duly organized and existing under the laws of the State of New York, with a place of business at 28 East 28th Street, #10, New York, New York 10016.  Upon information and belief, CBS Interactive is registered with the New York Department of State, Division of Corporations to do business in the State of New York.   At all times material hereto, CBS Interactive has owned and operated the website at the URL: www.CBSNews.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photograph

8. Upon information and belief, on or about April 2, 2010 Hirsch photographed Ivanka Trump's stalker, Justin Massler, coming out of court in New York (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. Hirsch then licensed the Photograph to the New York Post. On April 2, 2010, the New York Post ran an article that featured the Photograph entitled *Ivanka's stalker ordeal featured crazed talk, threats and bloody pix*. See http://nypost.com/2010/04/02/ivankas-stalker-ordeal-featured-crazed-talk-threats-and-bloody-pix/. Hirsch's name was featured in a gutter credit identifying him s the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

10. Hirsch is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph is registered with the United States Copyright Office and was given registration number VA 2-005-288.

### B. Defendant's Infringing Activities

12. Upon information and belief, CBS Broadcasting produced a segment called *Stalked* on their program 48 Hours on or about February 25, 2017. The TV show prominently featured the Photograph.

13. CBS Broadcasting did not license the Photograph from Plaintiff for its TV Show, nor did CBS Broadcasting have Plaintiff's permission or consent to publish the Photograph on its TV Show.

14. Upon information ad belief, on or about February 25, 2017 CBS Interactive re-broadcasted the segment *Stalked* on the Website. A copy of the Photograph on the Website is attached hereto as Exhibit C.

15. CBS Interactive did not license the Photograph from Plaintiff for its Website, nor did CBS Interactive have Plaintiff's permission or consent to publish the Photograph on its Website.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)
### (17 U.S.C. §§ 106, 501)

16. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17. Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website and TV Show. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

18. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

20. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

21. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

22. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

23. Defendants conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS
### (17 U.S.C. § 1202)

24. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-23 above.

25. When the Photograph was published in the article on the New York Post, the photograph contained Plaintiff's gutter credit which is considered copyright management information protected under 17 U.S.C. §1202 (b).

26. On the information and belief, Defendants copied the Photograph from the NY Post and cropped out the gutter credit naming Plaintiff as the Photographer of the Photograph.

27. On the information and belief, Defendant intentionally and knowingly removed copyright information identifying Plaintiff as the photographer of the Photograph.

28. The conduct of Defendants violates 17 U.S.C. § 1202(b).

29. Defendants removal of the aforementioned copyright management was made without the knowledge or consent of Plaintiff.

30. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff copyright in the Photograph.

31. As a result of the wrongful conduct of Defendants as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendants because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

32. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants' profits, gains or advantages of any kind attributable to Defendants' infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4.  That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5.  That Plaintiff be awarded pre-judgment interest; and

6.  Such other and further relief as the Court may deem just and proper

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
March 13, 2017

>LIEBOWITZ LAW FIRM, PLLC
>
>By: /s/Richard Liebowitz
>   Richard P. Liebowitz
>11 Sunrise Plaza, Suite 305
>Valley Stream, NY 11580
>Tel: (516) 233-1660
>RL@LiebowitzLawFirm.com
>
>*Attorneys for Plaintiff Steven Hirsch*